# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.G., Individually, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:19-cv-531 |
| THE HOUSING AUTHORITY OF KANSAS CITY, MISSOURI | ) |
| and | ) |
| SECURITAS SECURITY SERVICES, INC | ) |
| Defendants. | ) |

## DEFENDANT SECURITAS SECUIRTY SERVICES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW defendant Securitas Security Services USA, Inc., ("Defendant"), by and through counsel of record, and in answering Plaintiff's First Amended Petition, states the following:

1. Defendant denies the allegations asserted against it and contained in paragraph 1 of Plaintiff's Petition.

2. Defendant denies any sexual assaults or harassment giving rise to Plaintiff's claims. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 2 of Plaintiff's Petition.

3. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 3 of Plaintiff's Petition.

4. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 4 of Plaintiff's Petition.

5. Defendant admits it is a Delaware corporation in good standing, authorized to do business in the State of Missouri. Securitas is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 5 of Plaintiff's Petition.

6. Defendant denies the allegations asserted in paragraph 6 of Plaintiff's Petition.

7. Defendant denies the allegations asserted in paragraph 7 of Plaintiff's Petition.

8. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 8 of Plaintiff's Petition.

9. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 9 of Plaintiff's Petition.

10. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 10 of Plaintiff's Petition.

11. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 11 of Plaintiff's Petition.

12. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 12 of Plaintiff's Petition.

13. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 13 of Plaintiff's Petition.

14. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 14 of Plaintiff's Petition.

15. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 15 of Plaintiff's Petition.

16. Paragraph 16 of Plaintiff's Petition calls for a legal conclusion to which this defendant is not required to answer. In the event an answer is required, Defendant denies the allegations asserted against it in paragraph 16 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 16 of Plaintiff's Petition.

17. Defendant denies the allegations asserted against it in paragraph 17 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 17 of Plaintiff's Petition.

18. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 18 of Plaintiff's Petition.

19. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 19 of Plaintiff's Petition.

20. Defendant denies the allegations asserted against it in paragraph 20 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 20 of Plaintiff's Petition.

21. Defendant denies the allegations asserted against it in paragraph 21 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 21 of Plaintiff's Petition.

22. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 22 of Plaintiff's Petition.

23. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 23 of Plaintiff's Petition.

24. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 24 of Plaintiff's Petition.

25. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 25 of Plaintiff's Petition.

26. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 26 of Plaintiff's Petition.

27. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 27 of Plaintiff's Petition.

28. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 28 of Plaintiff's Petition.

29. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 29 of Plaintiff's Petition.

30. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 30 of Plaintiff's Petition.

31. Defendant denies the allegations asserted against it in paragraph 31 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 31 of Plaintiff's Petition.

32. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 32 of Plaintiff's Petition.

33. Defendant denies the allegations asserted against it in paragraph 33 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 33 of Plaintiff's Petition.

34. Defendant denies the allegations asserted against it in paragraph 34 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 34 of Plaintiff's Petition.

35. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 35 of Plaintiff's Petition.

36. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 36 of Plaintiff's Petition.

37. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 37 of Plaintiff's Petition.

38. Defendant denies the allegations asserted against it in paragraph 38 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 38 of Plaintiff's Petition.

39. Defendant denies the allegations asserted against it in paragraph 39 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's Petition.

40. Defendant denies the allegations asserted against it in paragraph 40 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 40 of Plaintiff's Petition.

41. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 41 of Plaintiff's Petition.

42. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 42 of Plaintiff's Petition.

43. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 43 of Plaintiff's Petition.

44. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 44 of Plaintiff's Petition.

45. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 45 of Plaintiff's Petition.

46. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 46 of Plaintiff's Petition.

47. Defendant denies the allegations asserted against it in paragraph 47 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 47 of Plaintiff's Petition.

48. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 48 of Plaintiff's Petition.

49. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 49 of Plaintiff's Petition.

**FIRST CAUSE OF ACTION**

50. In response to paragraph 50, Defendant incorporates by reference its responses to paragraphs 1 through 49 as if fully setout herein.

51. Paragraph 51 of Plaintiff's Petition calls for a legal conclusion to which this defendant is not required to answer. In the event an answer is required, Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 51 of Plaintiff's Petition.

52. Defendant denies the allegations asserted against it in paragraph 52 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 52 of Plaintiff's Petition.

53. Defendant denies the allegations asserted against it in paragraph 53 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 53 of Plaintiff's Petition.

54. Defendant denies the allegations asserted against it in paragraph 54 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 54 of Plaintiff's Petition.

**[After paragraph 54 of Plaintiff's Petition, the consecutively numbered paragraphs start over at paragraph number 51. Defendant answers these paragraphs as numbered in Plaintiff's Petition.]**

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Petition.

52. Defendant denies the allegations asserted against it in paragraph 52 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 52 of Plaintiff's Petition.

**SECOND CAUSE OF ACTION**

53. In response to paragraph 53, Defendant incorporations by reference its responses to paragraphs 1 through 52 as if fully setout herein.

54. Paragraph 54 of Plaintiff's Petition calls for a legal conclusion to which this defendant is not required to answer. In the even an answer is required, Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 54 of Plaintiff's Petition.

55. Defendant denies the allegations asserted against it in paragraph 55 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 55 of Plaintiff's Petition.

56. Defendant denies the allegations asserted against it in paragraph 56 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 56 of Plaintiff's Petition.

57. Defendant denies the allegations asserted against it in paragraph 57 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 57 of Plaintiff's Petition.

58. Defendant denies the allegations asserted against it in paragraph 58 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 58 of Plaintiff's Petition.

59. Defendant denies the allegations asserted against it in paragraph 59 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 59 of Plaintiff's Petition.

60. Defendant denies the allegations asserted against it in paragraph 60 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 60 of Plaintiff's Petition.

61. Defendant denies the allegations asserted against it in paragraph 61 of Plaintiff's Petition. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 61 of Plaintiff's Petition.

## THIRD CAUSE OF ACTION

62. In response to paragraph 62, Defendant incorporates by reference its responses to paragraphs 1 through 61 as if fully setout herein.

63. Defendant admits that it entered into a Service Agreement with HAKC. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 63 of Plaintiff's Petition.

64. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 64 of Plaintiff's Petition.

65. Defendant states that the Service Agreement speaks for itself and must be read and interpreted in its entirety, including other documents arising out of the Service Agreement. In further answer, Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 61 of Plaintiff's Petition

66. Defendant states that the Service Agreement speaks for itself and must be read and interpreted in its entirety, including other documents arising out of the Service Agreement. In further answer, Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 66 of Plaintiff's Petition

67. Defendant states that the Service Agreement speaks for itself and must be read and interpreted in its entirety, including other documents arising out of the Service Agreement. In further answer, Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 67 of Plaintiff's Petition

68. Defendant states that the Service Agreement and Request for Proposal speak for themselves and must be read and interpreted in their entirety, including other documents arising out of the Service Agreement and Request for Proposal. In further answer, Defendant is without

sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 68 of Plaintiff's Petition

69. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 69 of Plaintiff's Petition

70. Defendant is without sufficient information, knowledge or belief to admit or deny the remaining allegations contained in paragraph 70 of Plaintiff's Petition

71. Defendant denies the allegations contained in paragraph 71 of Plaintiff's Petition.

72. Defendant denies the allegations contained in paragraph 72 of Plaintiff's Petition.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Petition.

## FOURTH CAUSE OF ACTION

74. In response to paragraph 74, Defendant incorporates by reference its responses to paragraphs 1 through 73 as if fully setout herein.

75. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 75 of Plaintiff's Petition.

76. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 76 of Plaintiff's Petition.

77. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 77 of Plaintiff's Petition.

78. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 78 of Plaintiff's Petition.

79. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations contained in paragraph 79 of Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every other allegation directed to or construed against Defendant not specifically admitted above, including but not limited to the Wherefore clauses after each Count.

2. Defendant states that Plaintiff's Petition fails to state a claim or cause of action against it upon which relief may be granted in that Defendant did not owe a duty to Plaintiff or, in the alternative, if any such duty was owed, Defendant satisfied such duty; and for those reasons further identified in Defendant's affirmative defenses.

3. Defendant affirmatively states that if Plaintiff sustained any injuries or damages alleged, which Defendant specifically denies, the same were caused or contributed to be caused in full or in part by the contributory comparative negligence or fault or other culpable conduct of Plaintiff, defendant HAKC, and or other non-parties, and not the result of any negligence or culpable conduct on the part of Defendant, to wit:

    a. Those acts alleged in Plaintiff's Petition against her alleged assailants;

    b. Those acts alleged in Plaintiff's Petition against defendant HAKC.;

    c. Plaintiff's failure to mitigate her damages; and

    d. Those acts that may be discovered during discovery in this matter

Accordingly, Plaintiff should be barred from recovery against Defendant or, in the alternative, the recovery against Defendant should be reduced due to the contributory comparative negligence or fault or other culpable conduct of the Plaintiff, defendant HAKC, and or other non-parties, and hereby request a percentage allocation for the same.

4. Defendant affirmatively states that if Plaintiff sustained any injuries or damages, which Defendant specifically denies, the same were caused or contributed to be caused by the acts or omissions of persons or entity over whom Defendant had neither control nor right to control.

5. Defendant affirmatively states that if Plaintiff sustained any injuries or damages, the same were caused or contributed to be caused by the intervening acts and/or superseding negligence on the part of a person or entity over whom Defendant had neither control nor right to control, including but not limited to the acts and omissions of Plaintiff, defendant HAKC, and or other non-parties, as set forth in paragraph 3 of Defendant's Affirmative Defenses.

6. Defendant affirmatively states that its liability, which Defendant specifically denies, is limited to the amount set forth by applicable Missouri statutes.

7. Defendant affirmatively states that its liability, which Defendant specifically denies, is limited to the amount set forth in § 537.067 RSMo.

8. Defendant affirmatively states that if Plaintiff sustained damages as alleged and it is determined that Defendant was at fault in any way, which Defendant specifically denies, Defendant is entitled to a reduction and/or setoff to any judgment against it in the amount of all good faith settlement paid or to be paid by any other tortfeasor or a party as provided in § 537.060 RSMo. Defendant further reserves the right to challenge any settlement on the basis that it was not made in good faith, not reasonable, and not otherwise enforceable.

9. Defendant affirmatively states the value of any and all medical treatment rendered is limited to the actual costs of medical care or treatment pursuant to § 490.715 RSMo., as § 490.715 provides that the actual cost of the medical care or treatment shall be the sum of money not to exceed the dollar amounts paid to satisfy the financial obligation for the medical care provided after adjustments for any contractual discounts, price reduction or write-off.

10. Defendant states that if Plaintiff suffered any injuries or damages, which Defendant specifically denies, and if such injury or damage is determined to be the result of tortious conduct of Defendant then Missouri Constitution, Article III, Sections 38(a) and 39, and Article IV, Sections 30(a) and 30(b) requires that Defendant's liability for damages be reduced and offset by the amounts paid to Plaintiff from collateral sources or other parties arising from the incident which is the subject of this lawsuit.

11. Defendant affirmatively states that Plaintiff has failed to comply with the terms of §408.040 RSMo in that Plaintiff failed to send the demand by certified mail, accompanied by an affidavit of the claimant setting forth the nature of the claim, injuries and computation of damages.

12. Defendant affirmatively states that if Plaintiff sustained any loss, which Defendant specifically denies, Plaintiff has failed to mitigate her alleged damages.

13. Plaintiff's claims and prayer for punitive or exemplary damages or relief are not cognizable or recoverable for one or more of the following reasons:

    a. A punitive damage award against Defendant would contravene provisions of the Missouri Constitution and the Constitution of the United States, including, but not limited to, Article I, Bill of Rights, Sections 10, 19 and 21 of the Constitution of 1945 of the State of Missouri, including Sections 9 and 18 of the Bill of Rights and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, a punitive damage award would deprive Defendant of property without due process of law and deny Defendant equal protection of the law. Further, an award of punitive damage is precluded because, inter alia, the standards for same are too vague to give notice of the conduct prohibited, and they would subject Defendant to multiple jeopardy, excessive fines and unusual punishment. Such damages are also precluded by § 400.1-106, RSMo.

    b. A punitive damage award against Defendant would deny it property without due process of law in violation of the 5th and 14th Amendments to the Constitution of the United States and/or Article 2, section 2 and/or 10 of the Constitution of 1945 of the State of Missouri because there are insufficient legal standards for the jury to determine the amount of any such damages so as to allow awards that: (1) are grossly excessive or wholly disproportionate to the offense and obviously unreasonable; and (2) give the Defendant no notice of the consequences of its conduct.

c. A punitive damage award against Defendant without sufficient legal standards to determine the amount that may be awarded is unconstitutional because it serves to deny Defendant of its right of access to the courts as guaranteed by the due process clause of the 5th and 14th Amendments to the Constitution of the United States and/or by Article 1, Sections 2, 10 and/or 14 of the Constitution of 1945 of the State of Missouri.

d. An award of punitive damages against Defendant is unconstitutional because it constitutes a fine, punishment or payment in violation of the Excessive Fines Clause of the United States Constitution's Eighth Amendment and in violation of the Missouri Constitution, Article I, Section 21.

e. Plaintiff's claim for punitive damages is unconstitutional because it seeks to punish Defendant without the protection of Constitutional safeguards, including, but not limited to, proof beyond a reasonable doubt, and/or a standard higher than "a preponderance of the evidence," the right to a speedy trial, the prohibition against double jeopardy and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the State of Missouri, Article 1, Sections 18(a) 19, 21 and 22(a); and any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon the decision of Missouri courts which would permit Plaintiff to recover punitive damages without the protection of such safeguards is unconstitutional.

f. Plaintiff's request for punitive damages and/or subsequent imposition of punitive damages against Defendant constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution and/or the Missouri Constitution, Article I, Section 21.

g. A punitive damage award deprives Defendant of property without due process of law in violation of Defendant's rights under the 5th and 14th Amendments to the United States Constitution and Article 1 of the Bill of Rights, Sections 10 and 13 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing the liability for and the amount of the penalty.

h. A punitive damage award deprives Defendant of property without due process of law in violations of the Bills of Attainder and Ex Post Facto clauses of the United States Constitution, Article 1, Section 9, Clause 3; Article 1, Section 10, Clause 1 and Article 1, Bill of Rights, Section 13 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing liability for damages based on aggravating circumstances and the amount of damages.

i. A punitive damage award deprives Defendant of property without due process of law and deprives Defendant of equal protection of the laws, in violation of Defendant's rights under the 5th and 14th Amendments to the United States Constitution and Article 1, Bill of Rights, Sections 10 and 2 of the 1945 Constitution of Missouri because Missouri law governing an award of punitive damages is not rationally related to a legitimate state interest, and in any event, is not the least restrictive means by which to accomplish any state interest to be served.

j. The imposition of a punitive damage award as punishment which may be awarded by less than a unanimous verdict violates the 6th Amendment and Article 3, Section 2 of the United States Constitution and Article 1, Bill of Rights, Section 22(a) of the 1945 Constitution of Missouri.

k. A punitive damage award deprives Defendant of property without due process of law and further Defendant of the equal protection of the laws in violation of Defendant's rights under the 5th and 6th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 12 of the 1945 Constitution of Missouri, because the jury is told to take into consideration the evidence of Defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another defendant under similar circumstances who had a lesser net worth.

l. A punitive damage award has the effect of treating Defendant differently and discriminatorily, thus, depriving Defendant of property without due process of law and further depriving Defendant of the equal protection of the laws in violation of the 5th and 14th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 2 of the 1945 Constitution of Missouri.

m. A punitive damage award deprives Defendant of property without due process of law in violation of Defendant's rights under the 5th and 14th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 19 of the 1945 Constitution of Missouri because such an award results in multiple punishments for a single act or course of conduct.

n. A punitive damage award deprives Defendant of property without due process of law in violation of Defendant's rights under the 5th and 14th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 2 of the 1945 Constitution of Missouri since Missouri law erroneously permits arbitrary, capricious and discriminatory enforcement of said laws.

14. Defendant specifically denies that the incident described in Plaintiff's Petition involved any malice, ill will or mental state sufficient by Defendant to justify the imposition of punitive damages.

15. Defendant states that any injury suffered by Plaintiff was the direct result of the criminal acts of a third person or persons over whom this Defendant has no control or legal duty to control.

16. Defendant affirmatively states that it did not owe Plaintiff a duty as a matter of law.

17. Whelan affirmatively states that the alleged actions of Plaintiff's alleged assailants were not foreseeable and the alleged injuries of Plaintiff were not foreseeable.

18. Defendant states that it does not owe a legal duty to Plaintiff to prevent the criminal attacks of third parties as a matter of law, under the common law and pursuant to § 537.787 RSMo.

19. Defendant affirmatively states that punitive damages are not available against it in a claim based on 42 U.S.C. §3604 and 42 U.S.C. §3617.

20. Defendant affirmatively states that 42 U.S.C. §3601, *et seq*., does not apply to Defendant as Defendant does not sell or rent housing.

21. Plaintiff was not a third-party beneficiary to any contract or agreement that might have been in effect between Defendant and HAKC and/or any other party or third party.

22. Defendant affirmatively states that Plaintiff's claims are frivolous, unreasonable and without legal foundation. Accordingly, Defendant is entitled to reasonable attorneys' fees and costs.

23. Defendant affirmatively states that the sole proximate cause of Plaintiff's alleged injuries were the acts of Plaintiff's alleged assailants and/or some other party.

24. Defendant affirmatively states that no privity existed between Defendant and Plaintiff.

25. Defendant adopts and asserts all defenses raised by other defendants to this action.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Petition, Defendant seeks to be discharged, with its costs expended, and for such other and further relief as might be deemed just and proper.

*/s/ Patrick M. Hunt*
Stan N. Wilkins           (#28221)
Patrick M. Hunt           (#63898)
BATY, HOLM, NUMRICH & OTTO P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3019
Telephone:    816-531-7200
Fax:          816-531-7201
Email:        swilkins@batyholm.com
              phunt@batyhom.com
ATTORNEYS FOR SECURITAS SERVICES, INC.

**Certificate of Filing**

I do hereby certify that a true and accurate copy of the foregoing document was served via the Court's e-Filing system, this 10th day of July, 2019, to:

Anthony E. LaCroix     (#60793)
LACROIX LAW FIRM, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
Telephone:    816-399-4380
Fax:          816-399-4380
Email:        tonylacroixlawkc.com

ATTORNEY FOR PLAINTIFF

Jennifer P. Kyner
KYNER LAW, P.C.
4800 Rainbow, Suite 200
Westwood, Kansas 66205
Telephone:    913-491-3200
Fax:          1-913-273-1200
Email:        jkyner@kynerlaw.com

ATTORNEY FOR THE HOUSING AUTHORITY OF KANSAS CITY, MISSOURI

*/s/ Patrick M. Hunt*
Attorneys for Defendants