# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.G., <br><br> Plaintiff, <br><br> vs. <br><br> HOUSING AUTHORITY OF KANSAS CITY, MISSOURI, et al. <br><br> Defendants. | Case No. 4:19-cv-531 |

## DEFENDANT HOUSING AUTHORITY OF KANSAS CITY, MISSOURI'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Defendant Housing Authority of Kansas City, Missouri (hereinafter referred to as "HAKC" or "Defendant"), and for its Answer to Plaintiff's First Amended Petition, states as follows.

1. HAKC denies the allegations and legal conclusions set forth in Paragraph 1 of the First Amended Petition.

2. HAKC is without knowledge or information as to whether or not A.G. was a resident and citizen of Missouri at all times relevant to the First Amended Petition, admits that A.G. resided at Brush Creek Towers located at 1800 Emmanuel Cleaver II Blvd., Kansas City, Missouri (hereinafter sometimes referred to as the subject premises) from October 4, 2016, through July 2, 2017, that the subject premises is owned and managed by HAKC, but denies the remaining allegations and legal conclusions set forth in Paragraph 2 of the First Amended Petition.

3. HAKC admits that HAKC is a Missouri municipal corporation created pursuant to RSMo§99.040, that one of its responsibilities is the management and operation of certain public housing units in the City of Kansas City, Missouri, admits that it can be served

1

through its Executive Director at the address listed in the caption of the Petition, but denies the remaining allegations and legal conclusions set forth in Paragraph 3 of the First Amended Petition.

4. HAKC admits that it owns, manages, maintains, and is the landlord of residential property known as Brush Creek Towers, located at 1800 Emmanuel Cleaver II Blvd., Kansas City, Missouri, but denies the remaining allegations and legal conclusions set forth in Paragraph 4 of the First Amended Petition.

5. HAKC is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendant Securitas Security Services USA ("Securitas") is a Delaware corporation authorized to do business in Kansas City, Missouri and that Securitas can be served through its registered Agent, National Registered Agents, Inc., 120 South Central Avenue., Clayton, Mo 63105, and therefore denies the same. HAKC admits that it entered into a contract with Securitas to provide security guard services at Brush Creek Towers and that HAKC made payments to Securitas. HAKC denies the remaining allegations and legal conclusions set forth in Paragraph 5 of the First Amended Petition.

6. HAKC admits that jurisdiction is proper in this Court, but denies the remaining allegations and legal conclusions set forth in Paragraph 6 of the First Amended Petition.

7. HAKC admits that venue is proper in this Court, but denies the remaining allegations and legal conclusions set forth in Paragraph 7 of the First Amended Petition.

8. HAKC admits that Plaintiff moved in to Brush Creek Towers, located at 1800 Emmanuel Cleaver II Blvd., Kansas City, Missouri, on October 4, 2016, but denies the remaining allegations and legal conclusions set forth in Paragraph 8 of the First Amended Petition.

9. HAKC denies the allegations and legal conclusions set forth in Paragraph 9 of the First Amended Petition.

10. HAKC admits that it represents that "the housing choice voucher program is a rental assistance program funded by the U.S. Department of Housing and Urban Development to assist very low income families, the elderly, and the disabled afford decent, safe and sanitary housing in the private market" but denies the remaining allegations and legal conclusions set forth in Paragraph 10 of the First Amended Petition.

11. HAKC admits that it represents that the "role of the landlord in the voucher program is to provide decent, safe and sanitary housing to a tenant at a reasonable rent," but denies the remaining allegations and legal conclusions set forth in Paragraph 11 of the First Amended Petition.

12. HAKC admits that its website provides that the Brush Creek Towers includes a "secured entrance" and "24 hour maintenance." but denies the remaining allegations and legal conclusions set forth in Paragraph 12 of the First Amended Petition.

13. HAKC admits that HAKC entered into a contract with Defendant Securitas to provide certain security services at the subject premises as provided for in the parties' written agreement and that it made payments to Defendant Securitas pursuant to said contract, but denies the remaining allegations and legal conclusions set forth in Paragraph 13 of the First Amended Petition.

14. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 14 of the First Amended Petition and therefore denies the same.

15. HAKC is without knowledge or information sufficient to form a belief as to the truth of the

matters set forth in Paragraph 15 of the First Amended Petition and therefore denies the same.

16. HAKC denies the allegations and legal conclusions set forth in Paragraph 16 of the First Amended Petition.

17. HAKC denies the allegations and legal conclusions set forth in Paragraph 17 of the First Amended Petition.

18. HAKC denies that Plaintiff made any reports of any safety concerns to Regina Boles or any other HAKC employee prior to May18, 2017, and therefore denies the same. HAKC denies the remaining allegations and legal conclusions set forth in Paragraph 18 of the First Amended Petition.

19. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 19 of the First Amended Petition because the allegation lacks any information regarding the time, date and identity of the person or entity to whom Plaintiff and other Brush Creek Tower tenants allegedly reported the alleged criminal activity and therefore HAKC denies the allegations and legal conclusions set forth in Paragraph 19 of the First Amended Petition.

20. HAKC denies the allegations and legal conclusions set forth in Paragraph 20 of the First Amended Petition.

21. HAKC denies the allegations and legal conclusions set forth in Paragraph 21 of the First Amended Petition.

22. HAKC denies the allegations and legal conclusions set forth in Paragraph 22 of the First Amended Petition.

23. HAKC denies the allegations and legal conclusions set forth in Paragraph 23 of the First

Amended Petition.

24. HAKC denies the allegations and legal conclusions set forth in Paragraph 24 of the First Amended Petition.

25. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 25 of the First Amended Petition and therefore HAKC denies the same.

26. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 26 of the First Amended Petition and therefore denies the same.

27. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 27 of the First Amended Petition and therefore denies the same.

28. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 28 of the First Amended Petition and therefore denies the same.

29. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 29 of the First Amended Petition and therefore denies the same.

30. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 30 of the First Amended Petition and therefore denies the same.

31. HAKC denies the allegations and legal conclusions set forth in Paragraph 31 of the First Amended Petition.

32. HAKC denies the allegations and legal conclusions set forth in Paragraph 32 of the First Amended Petition.

33. HAKC denies the allegations and legal conclusions set forth in Paragraph 33 of the First Amended Petition.

34. HAKC denies the allegations and legal conclusions set forth in Paragraph 34 of the First Amended Petition.

35. HAKC admits that it invited public housing residents to a public safety meeting held at Brush Creek Towers on June 22, 2017, but denies the remaining allegations and legal conclusions set forth in Paragraph 35 of the First Amended Petition.

36. HAKC admits that there was a public safety meeting held at Brush Creek Towers on June 22, 2017, admits that the attendees requested that security personnel walk around the premises, denies that personnel issues or the alleged May 13, 2017 alleged incident involving Plaintiff were discussed, and further denies the remaining allegations and legal conclusions set forth in Paragraph 36 of the First Amended Petition.

37. HAKC denies the allegations and legal conclusions set forth in the matters set forth in Paragraph 37 of the First Amended Petition.

38. HAKC denies the allegations and legal conclusions set forth in Paragraph 38 of the First Amended Petition.

39. HAKC denies the allegations and legal conclusions set forth in Paragraph 39 of the First Amended Petition.

40. HAKC denies the allegations and legal conclusions set forth in Paragraph 40 of the First Amended Petition.

41. HAKC is without knowledge or information sufficient to form a belief as to the truth of the

matters set forth in Paragraph 41 of the First Amended Petition and therefore denies the same.

42. HAKC admits that Plaintiff's request for transfer was tentatively approved on June 23, 2017, but denies the remaining allegations and legal conclusions set forth in Paragraph 42 of the First Amended Petition.

43. HAKC is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in Paragraph 43 of the First Amended Petition and therefore denies the same.

44. HAKC denies the allegations and legal conclusions set forth in Paragraph 44 of the First Amended Petition.

45. HAKC admits that it sent Plaintiff a letter dated June 23, 2017, advising her that her request for transfer was tentatively approved for Category 1 of defendant HAKC's Admission and Continued Occupancy Policy, Section 8, that Category 1 of HAKC's Admission and Continued Occupancy Policy, Section 8, provides for Emergency Transfers when the HAKC determines that conditions pose an immediate threat to resident life, health or safety, but denies the remaining allegations and legal conclusions set forth in Paragraph 45 of the First Amended Petition.

46. HAKC denies that Plaintiff's transfer request was labelled "Category 1- Emergency Transfer: immediate threat to resident life, health & safety" as well as the remaining allegations and legal conclusions set forth in Paragraph 46 of the First Amended Petition.

47. HAKC denies the allegations and legal conclusions set forth in Paragraph 47 of the First Amended Petition.

48. HAKC denies the allegations and legal conclusions set forth in Paragraph 48 of the First

Amended Petition.

49. HAKC denies the allegations and legal conclusions set forth in Paragraph 49 of the First Amended Petition.

**First Cause of Action**

50. That for its response to Paragraph 50 of the First Amended Petition, HAKC incorporates by reference as if fully set forth at this point, all of the allegations and denials set forth in Paragraphs 1 through 49 above.

51. HAKC denies the allegations and legal conclusions set forth in Paragraph 51 of the First Amended Petition.

52. HAKC denies the allegations and legal conclusions set forth in Paragraph 52 of the First Amended Petition and specifically denies the allegations and legal conclusions set forth in subparagraph (a) through (o) of Paragraph 52 of the First Amended Petition.

53. HAKC denies the allegations and legal conclusions set forth in Paragraph 53 of the First Amended Petition.

54. HAKC denies the allegations and legal conclusions set forth in Paragraph 54 of the First Amended Petition.

55. HAKC denies the allegations and legal conclusions set forth in Paragraph 55 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 51.)

56. HAKC denies the allegations and legal conclusions set forth in Paragraph 56 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 52.)

**Second Cause of Action**

57. That for its response to Paragraph 57 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 53) HAKC incorporates by reference as if fully set forth

at this point, all of the allegations and denials set forth in Paragraphs 1 through 56 above.

58. HAKC denies the allegations and legal conclusions set forth in Paragraph 58 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 54.)

59. HAKC denies the allegations and legal conclusions set forth in Paragraph 59 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 55.)

60. HAKC denies the allegations and legal conclusions set forth in Paragraph 60 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 56.)

61. HAKC denies the allegations and legal conclusions set forth in Paragraph 61 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 57.)

62. HAKC denies the allegations and legal conclusions set forth in Paragraph 62 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 58.)

63. HAKC denies the allegations and legal conclusions set forth in Paragraph 63 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 59.)

64. HAKC denies the allegations and legal conclusions set forth in Paragraph 64 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 60.)

65. HAKC denies the allegations and legal conclusions set forth in Paragraph 65 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 61.)

## Third Cause of Action

66. That for its response to Paragraph 66 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 62) HAKC incorporates by reference as if fully set forth at this point, all of the allegations and denials set forth in Paragraphs 1 through 65 above

67. That for its response to Paragraphs 67 through 77 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraphs 63 through 73 ) HAKC states that Plaintiff's

Third Cause of Action has not been asserted against HAKC and therefore no response is required to Paragraphs 67 through 77 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraphs 63 through 73 ); to the extent a response is required, HAKC denies each and every allegations set forth in Plaintiff's Third Cause of Action of the First Amended Petition.

### Fourth Cause of Action

68. That for its response to Paragraph 78 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 74) HAKC incorporates by reference as if fully set forth at this point, all of the allegations and denials set forth in Paragraphs 1 through 67 above.

69. HAKC denies the allegations and legal conclusions set forth in Paragraph 79 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 75.)

70. HAKC denies the allegations and legal conclusions set forth in Paragraph 80 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 76.)

71. HAKC denies the allegations and legal conclusions set forth in Paragraph 81 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 77.)

72. HAKC denies the allegations and legal conclusions set forth in Paragraph 82 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 78.)

73. HAKC denies the allegations and legal conclusions set forth in Paragraph 83 of the First Amended Petition (which Plaintiff incorrectly numbered as Paragraph 79.)

### DENIALS AND AFFIRMATIVE DEFENSES

74. HAKC denies each and every allegation in Plaintiff's First Amended Petition not herein

specifically admitted.

75. That Plaintiff's First Amended Petition fails to state any causes of action upon which relief may be granted against HAKC and should be dismissed.

76. That Plaintiff's First Amended Petition is barred by the doctrine of sovereign immunity set forth in RSMo §537.600 because HAKC is a public entity created pursuant to RSMo§99.040.

77. That Plaintiff's claims for punitive damages are barred pursuant to RSMo §537.610.3 because HAKC is a public entity created pursuant to RSMo§99.040.

78. HAKC affirmatively states that if Plaintiff sustained any injuries or damages alleged, which HAKC specifically denies, the same were caused or contributed to be caused in full or in part by the contributory comparative negligence or fault or other culpable conduct of Plaintiff, defendant Securitas, or other non-parties, including plaintiff's alleged assailants, and not the result of any negligence or culpable conduct on the part of HAKC, to wit: 1) Plaintiff's failure to keep a careful lookout for her own safety; 2) Plaintiff's failure to call the Police and report the alleged assaults; 3) Plaintiff's failure to timely report her alleged safety concerns; 4) Plaintiff's failure to report alleged sexual assaults to HAKC management, Police, and security personnel; 5) Plaintiff's failure to report alleged criminal activity of tenants and guests to the Police, HAKC management and security personnel 6) Plaintiff's failure to seek an ex parte order of protection: 7) Plaintiff's failure to testify upon request and assist the HAKC in prosecuting an eviction action against one of the allegedly responsible tenants;8)Plaintiff's failure to mitigate her damages ;9) those acts alleged in Plaintiff's Petition against her alleged assailants;10) those acts alleged in Plaintiff's Petition against defendant Securitas and 11) those acts that may be discovered during discovery in this matter. Accordingly, Plaintiff should be barred from recovery against HAKC or, in the

11

alternative, the recovery against HAKC should be reduced due to the contributory comparative negligence or fault or other culpable conduct of the Plaintiff, defendant Securitas, and or other non-parties, and HAKC hereby requests a percentage allocation for the same.

79. HAKC affirmatively states that if Plaintiff sustained any injuries or damages, the same were caused or contributed to be caused by the intervening acts and/or superseding negligence on the part of a person or entity over whom HAKC had neither control nor right to control, including but not limited to the acts and omissions of Plaintiff, defendant Securitas, and or other non-parties, as set forth in paragraph 78 above.

80. To the extent Plaintiff alleges she suffered physical and mental injuries, which HAKC specifically denies, Plaintiff's alleged injuries were caused or contributed to by factors other than HAKC's alleged conduct, and any damages therefore should be appropriately apportioned.

81. If Plaintiff was injured or damaged, which HAKC denies, any injuries or damages were caused solely by the acts, wrongs or omissions of Plaintiff, or by pre-existing conditions, or by other persons, entities, forces and/or things over which HAKC had no control and is not responsible.

82. That Plaintiff's Fourth Cause of Action is barred by Plaintiff's failure to allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

83. That the Missouri Merchandising Practice Act does not apply to the HAKC because HAKC is a political subdivision of the State of Missouri and is not a "person" as defined in the Missouri Merchandising Practice Act, RS Mo.407.010 (5).

84. That Plaintiff's claims under the Fair Housing Act are barred by the applicable statute of

limitations set forth in 42 U.S.C. § 3613 (a)(1)(A)

85. HAKC affirmatively states that its liability, which HAKC specifically denies, is limited to the amount set forth by applicable Missouri statutes.

86. HAKC affirmatively states that its liability, which HAKC specifically denies, is limited to the amount set forth in § 537.067 RSMo.

87. HAKC affirmatively states that if Plaintiff sustained damages as alleged and it is determined that HAKC was at fault in any way, which HAKC specifically denies, HAKC is entitled to a reduction and/or setoff to any judgment against it in the amount of all good faith settlement paid or to be paid by any other tortfeasor or a party as provided in § 537.060 RSMo. HAKC further reserves the right to challenge any settlement on the basis that it was not made in good faith, not reasonable, and not otherwise enforceable.

88. HAKC affirmatively states the value of any and all medical treatment rendered is limited to the actual costs of medical care or treatment pursuant to § 490.715 RSMo., as § 490.715 provides that the actual cost of the medical care or treatment shall be the sum of money not to exceed the dollar amounts paid to satisfy the financial obligation for the medical care provided after adjustments for any contractual discounts, price reduction or write-off.

89. HAKC states that if Plaintiff suffered any injuries or damages, which HAKC specifically denies, and if such injury or damage is determined to be the result of tortious conduct of HAKC then Missouri Constitution, Article III, Sections 38(a) and 39, and Article IV, Sections 30(a) and 30(b) requires that HAKC's liability for damages be reduced and offset by the amounts paid to Plaintiff from collateral sources or other parties arising from the incident which is the subject of this lawsuit.

90. HAKC affirmatively states that Plaintiff has failed to comply with the terms of §408.040 RSMo in that Plaintiff failed to send the demand by certified mail, accompanied by an affidavit of the claimant setting forth the nature of the claim, injuries and computation of damages.

91. HAKC affirmatively states that if Plaintiff sustained any loss, which HAKC specifically denies, Plaintiff has failed to mitigate her alleged damages.

92. Plaintiff's claims and prayer for punitive or exemplary damages or relief are not cognizable or recoverable for one or more of the following reasons:

   a. A punitive damage award against HAKC would contravene provisions of the Missouri Constitution and the Constitution of the United States, including, but not limited to, Article I, Bill of Rights, Sections 10, 19 and 21 of the Constitution of 1945 of the State of Missouri, including Sections 9 and 18 of the Bill of Rights and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, a punitive damage award would deprive HAKC of property without due process of law and deny HAKC equal protection of the law. Further, an award of punitive damage is precluded because, inter alia, the standards for same are too vague to give notice of the conduct prohibited, and they would subject HAKC to multiple jeopardy, excessive fines and unusual punishment. Such damages are also precluded by § 400.1-106, RSMo.

   b. A punitive damage award against HAKC would deny it property without due process of law in violation of the 5th and 14th Amendments to the Constitution of the United States and/or Article 2, section 2 and/or 10 of the Constitution of 1945 of the State of Missouri because there are insufficient legal standards for the jury to determine the amount of any such damages so as to allow awards that: (1) are grossly excessive or wholly disproportionate to the offense and obviously unreasonable; and (2) give the HAKC no notice of the consequences of its conduct.

   c. A punitive damage award against HAKC without sufficient legal standards to determine the amount that may be awarded is unconstitutional because it serves to deny HAKC of its right of access to the courts as guaranteed by the due process clause of the 5th and 14th Amendments to the Constitution of the United States and/or by Article 1, Sections 2, 10 and/or 14 of the Constitution of 1945 of the State of

Missouri.

d. An award of punitive damages against HAKC is unconstitutional because it constitutes a fine, punishment or payment in violation of the Excessive Fines Clause of the United States Constitution's Eighth Amendment and in violation of the Missouri Constitution, Article I, Section 21.

e. Plaintiff's claim for punitive damages is unconstitutional because it seeks to punish HAKC without the protection of Constitutional safeguards, including, but not limited to, proof beyond a reasonable doubt, and/or a standard higher than "a preponderance of the evidence," the right to a speedy trial, the prohibition against double jeopardy and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the State of Missouri, Article 1, Sections 18(a) 19, 21 and 22(a); and any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon the decision of Missouri courts which would permit Plaintiff to recover punitive damages without the protection of such safeguards is unconstitutional.

f. Plaintiff's request for punitive damages and/or subsequent imposition of punitive damages against HAKC constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution and/or the Missouri Constitution, Article I, Section 21.

g. A punitive damage award deprives HAKC of property without due process of law in violation of HAKC's rights under the 5th and 14th Amendments to the United States Constitution and Article 1 of the Bill of Rights, Sections 10 and 13 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing the liability for and the amount of the penalty.

h. A punitive damage award deprives HAKC of property without due process of law in violations of the Bills of Attainder and Ex Post Facto clauses of the United States Constitution, Article 1, Section 9, Clause 3; Article 1, Section 10, Clause 1 and Article 1, Bill of Rights, Section 13 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing liability for damages based on aggravating circumstances and the amount of damages.

i. A punitive damage award deprives HAKC of property without due process of law and deprives HAKC of equal protection of the laws, in violation of HAKC's rights under the 5th and 14th Amendments to the United States Constitution and Article 1, Bill of Rights, Sections 10 and 2 of the 1945 Constitution of Missouri because Missouri law governing an award of punitive damages is not rationally related to a legitimate state interest, and in any event, is not the least restrictive means by which to accomplish any state interest to be served.

j. The imposition of a punitive damage award as punishment which may be awarded by less than a unanimous verdict violates the 6th Amendment and Article 3, Section 2 of the United States Constitution and Article 1, Bill of Rights, Section 22(a) of the 1945 Constitution of Missouri.

k. A punitive damage award deprives HAKC of property without due process of law and further HAKC of the equal protection of the laws in violation of HAKC's rights under the 5th and 6th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 12 of the 1945 Constitution of Missouri, because the jury is told to take into consideration the evidence of HAKC's net worth, implying to the jury that it would be more appropriate to punish HAKC rather than another defendant under similar circumstances who had a lesser net worth.

l. A punitive damage award has the effect of treating HAKC differently and discriminatorily, thus, depriving HAKC of property without due process of law and further depriving HAKC of the equal protection of the laws in violation of the 5th and 14th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 2 of the 1945 Constitution of Missouri.

m. A punitive damage award deprives HAKC of property without due process of law in violation of HAKC's rights under the 5th and 14th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 19 of the 1945 Constitution of Missouri because such an award results in multiple punishments for a single act or course of conduct.

n. A punitive damage award deprives HAKC of property without due process of law in violation of HAKC's rights under the 5th and 14th Amendments to the United States Constitution and/or Article 1, Bill of Rights, Sections 10 and 2 of the 1945 Constitution of Missouri since

Missouri law erroneously permits arbitrary, capricious and discriminatory enforcement of said laws.

93. HAKC specifically denies that the incident described in Plaintiff's Petition involved any malice, ill will or mental state sufficient by HAKC to justify the imposition of punitive damages.

94. HAKC states that any injury suffered by Plaintiff was the direct result of the criminal acts of a third person or persons over whom this HAKC has no control or legal duty to control.

95. HAKC states that as a matter of law, it does not owe a legal duty to Plaintiff to prevent the criminal attacks of third parties, under the common law and pursuant to § 537.787 RSMo. To the extent a legal duty exists, which HAKC denies, Plaintiff's recovery is barred because HAKC has implemented reasonable security measures.

96. HAKC asserts and incorporates by reference each and every affirmative defense permitted by Missouri Supreme Court Rule 55.09 that may be uncovered during the course of further investigation and discovery.

97. HAKC affirmatively states that the sole proximate cause of Plaintiff's alleged injuries were the acts of Plaintiff's alleged assailants and/or some other party.

98. HAKC adopts and asserts all defenses raised by other defendants to this action.

WHEREFORE, having fully answered the allegations contained in Plaintiff's First Amended Petition, HAKC seeks to be discharged, with its costs expended, including its reasonable attorneys' fees, and for such other and further relief as might be deemed just and proper.

**KYNER LAW, P.C.**


BY: s/: Jennifer P. Kyner
    Jennifer P. Kyner MO # 32436
    4800 Rainbow Blvd., Suite 200
    Westwood, Kansas 66205
    913.491.3200
    913.273.1200 (facsimile)
    jkyner@kynerlaw.com
    **ATTORNEY FOR DEFENDANT**
    **HAKC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2019, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Western District of Missouri, with notice of same being electronically served by the Court, addressed to:

    Anthony E. LaCroix
    LaCroix Law Firm, LLC
    406 West 34th Street, Suite 810
    Kansas City, Missouri 64111
    tony@lacroixlawkc.com
    ATTORNEY FOR PLAINTIFF

    And
    Stanley N. Wilkins
    Patrick M. Hunt
    BATY, HOLM, NUMRICH & OTTO P.C.
    4600 Madison Avenue, Suite 210
    Kansas City, MO 64112-3019
    swilkins@batyholm.com
    phunt@batyholm.com
    ATTORNEYS FOR DEFENDANT SECURITAS SECURITY SERVICES, USA, INC.

                                          s/Jennifer P. Kyner
                                          Attorney for Defendant HAKC